16-2057-cv
Advanced Access Content Sys. Licensing Adm'r, LLC v. Tao

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT:  GUIDO CALABRESI,
              RICHARD C. WESLEY,
              RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*

-------------------------------------------------------------------

ADVANCED ACCESS CONTENT SYSTEM LICENSING ADMINISTRATOR, LLC,

     *Plaintiff-Appellee,*

          v.            No. 16-2057-cv

FENG TAO, DBA DVDFAB, DBA FENGTAO SOFTWARE INC.,

     *Defendant-Appellant.\**

-------------------------------------------------------------------

FOR APPELLANT:        MICHAEL CUKOR (Vincent E. McGeary, *on the brief*), McGeary Cukor LLC, Morristown, NJ.

---

\* The Clerk of Court is directed to amend the official caption to conform to the caption above.

FOR APPELLEE: G. ROXANNE ELINGS (George P. Wukoson, L. Danielle Toaltoan, *on the brief*), Davis Wright Tremaine LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, it is HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant-appellant Feng Tao appeals from an order of the District Court (Broderick, J.) granting in part a motion by Advanced Access Content System Licensing Administrator, LLC ("AACS LA") to amend a preliminary injunction and denying Tao's motions to amend the injunction and vacate the entry of default. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Tao principally challenges the amended preliminary injunction, arguing first that AACS LA failed to demonstrate irreparable harm, and second that the injunction was unlawful insofar as it applied extraterritorially and enjoined foreign third parties.

The District Court acted within its discretion in finding that AACS LA would suffer irreparable harm absent the amended preliminary injunction. Relying on sworn declarations, the District Court found that Tao's software allowed users to circumvent AACS LA's encryption technology and thereby undermined AACS LA's business model. Further, Tao's conduct indicated a strong likelihood of future violations. We perceive no error in these findings, which were sufficient to justify the amended injunction. See WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 285 (2d Cir. 2012); Kapps v. Wing, 404 F.3d 105, 123 (2d Cir. 2005).

Nor does the amended injunction reach impermissibly beyond the United States. The injunction does bind certain foreign third-party registries and payment processors who receive actual notice of the injunction. But the injunction merely notifies these parties that they "could become liable through Rule 65 if they assist [the defendant] in violating the district court's orders." NML Capital, Ltd. v. Republic of Argentina, 727 F.3d 230, 243 (2d Cir. 2013). "[F]ederal courts can enjoin conduct that 'has or is intended to have a substantial effect within the United States.'" Id. (quoting United States v. Davis, 767 F.2d 1025, 1036 (2d Cir. 1985)). The District Court provided enough reasons why the

3

injunction must reach the "process" through which Tao distributes his software, see id. at 244, as Tao continued to rely on foreign third parties to facilitate access to the United States market even after the original injunction issued.

Tao also asks that we vacate the preliminary injunction and entry of default on the ground that service was improper. Tao has arguably forfeited this argument before the District Court. See Datskow v. Teledyne, Inc., Cont'l Prods. Div., 899 F.2d 1298, 1303 (2d Cir. 1990). In any event, this fact-intensive challenge—which was never litigated, but still could be raised, below[1]—is not properly before us and we decline to consider it on appeal in the first instance. See Harrison v. Republic of Sudan, 838 F.3d 86, 96 (2d Cir. 2016).

We have considered the remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We express no opinion on the timeliness of any such challenge.

4